JS-6

Alexander L. Conti, California Bar No. 155945
aconti@conti-law.com
**CONTI LAW**
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone:   (949) 791-8555
Facsimile:    (949) 791-8556

Attorney for Plaintiff
CHARTWELL STAFFING SERVICES INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTWELL STAFFING SERVICES INC. | Case No. 2:23-cv-06148 PA (PVCx) |
| Plaintiff, | **ORDER RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT AND, CONTINGENT UPON RETAINING JURISDICTION, DISMISSING ACTION WITH PREJUDICE PURSUANT TO RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | |
| LD PRODUCTS, INC., | |
| Defendant. | |
| | **[Federal Rule Civ. Proc. 41(a)(2)]** |

1    WHEREAS, Plaintiff Chartwell Staffing Services Inc. and defendant LD
2 Products, Inc., have entered into a Settlement Agreement that resolves all of
3 Plaintiff's claims against Defendant in this action;

4    WHEREAS, the parties' Settlement Agreement states the parties agree to
5 jointly request that the Court retain jurisdiction to enforce the Settlement Agreement
6 and resolve any disputes between the parties with respect to any term of the
7 Settlement Agreement, and contingent upon the Court retaining jurisdiction, the
8 parties agree to dismiss their claims against each other with prejudice pursuant to
9 Federal Rule of Civil Procedure 41(a)(2);

10    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this
11 Court shall retain jurisdiction for the purpose of enforcing the Settlement Agreement
12 and resolving any disputes between the parties with respect to any term of the
13 Settlement Agreement, which is attached hereto as Exhibit A and whose terms are
14 incorporated by reference herein;

15    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this
16 action is dismissed with prejudice.

17    Except as set forth in the attached Settlement Agreement, each party shall
18 bear its own costs and attorneys' fees.

19    **IT IS SO ORDERED.**

20

21 Date: September 11, 2023

22    _____
23                   PERCY ANDERSON
                United States District Judge

24

25

26

27

28

EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Agreement and Release ("the Agreement") is made by and between Chartwell Staffing Services Inc. ("Chartwell"), on the one hand, and LD Product, Inc. ("Defendant"), on the other hand. Chartwell and Defendant shall be collectively referred to as the "Parties." The effective date of this Agreement shall be the date on which the last Party executes this Agreement (the "Effective Date").

### A.    RECITALS

1.      WHEREAS on July 28, 2023, Chartwell commenced the civil action captioned *Chartwell Staffing Services Inc. v. LD Products, Inc.,* United States District Court, Central District of California, Case No. 2:31-cv-06148 ("the Action"). In the Action, Chartwell seeks to recover from Defendant $177,967.63 in unpaid invoices and other relief.

2.      WHEREAS the Parties intend and desire to settle all claims, allegations, and issues arising out of or in any way related to the Action. The purpose of this Agreement is to set forth the terms and conditions of the compromise by and between the Parties.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge by their signatures below, the Parties hereto agree as follows.

### B.    AGREEMENT

#### 1.    Consideration, Stipulated Judgment and Dismissal with Prejudice

##### (a)    Consideration

In consideration for this Agreement and the promises made herein, Defendant shall pay the total sum of $177,967.63 to Chartwell pursuant to the following schedule:

1.      An installment payment of $15,000 by September 10, 2023.
2.      An installment payment of $15,000 by October 10, 2023.
3.      An installment payment of $15,000 by November 10, 2023.
4.      An installment payment of $15,000 by December 10, 2023.
5.      An installment payment of $15,000 by January 10, 2024.
6.      An installment payment of $15,000 by February 10, 2024.
7.      An installment payment of $15,000 by March 10, 2024.
8.      An installment payment of $15,000 by April 10, 2024.
9.      An installment payment of $15,000 by May 10, 2024.
10.     An installment payment of $15,000 by June 10, 2024.
11.     An installment payment of $15,000 by July 10, 2024.
12.     An installment payment of $15,000 by August 10, 2024.

Chartwell expressly directs Defendant to make payment to "Chartwell Staffing Services Inc." and deliver the payment by wire transfer to:

*Settlement Agreement and Mutual Release*  LD Products, Inc.

Bank Name: East West Bank
Bank Branch and Address: 9300 Flair Drive 4th FL El Monte CA 91731
Name on Account: Madison Resource Funding, LLC
Account #: 8003166645
Routing #: 322070381
Account Type: Checking

In the event of a default by Defendant in connection with the payment schedule set forth above, Defendant shall have three business days to cure such default following receipt of notice of default. Notice of default shall be provided by email to legal@ldproducts.com on behalf of Defendant.

### (b)     Stipulation for Entry of Judgment

Contemporaneously with the execution of this Agreement, Defendant shall execute a Stipulation for Entry of Judgment and Proposed Order in favor of Chartwell for the full amount of $177,967.63, less payments previously made by Defendant. As long as payments are timely made, Chartwell shall hold and not file the Stipulation for entry of Judgment. Upon Defendant's default, and failure to timely cure such default after receiving written notice, Chartwell may, in its sole discretion, seek entry of judgment by any and all available means, including ex parte application. Judgment shall be entered in the full amount of $177,967.63 less any payments made by Defendant, plus interest on the amount of $177,967.63, at the rate of ten percent per annum commencing from March , 2023, plus reasonable attorney's fees and costs incurred in obtaining entry of judgment.

### (c)     Dismissal With Prejudice

Upon the full execution of this Agreement and the Stipulation for Entry of Judgment, the Parties will file an appropriate pleading to effectuate the dismissal with prejudice of the entire Action with the retention of jurisdiction by the Court to enforce this Agreement and enter judgment.

### 2.     Mutual Release by Chartwell and Defendant

Except for the executory provisions of this Agreement, Chartwell and Defendant, individually and on behalf of and for each of their partners, venturers, subsidiaries, estates, or corporations or limited liability companies connected therewith, together with his/their respective agents, representatives, employees, officers, directors, shareholders, attorneys, insurance agents, successors, assigns and heirs (together, "Affiliates"), hereby fully and finally release, relinquish, waive, acquit, and forever discharge each other party and their respective past, present and future stockholders, officers, directors, employees, agents, members, attorneys, insurers, assigns, predecessors, successors, servants, subsidiaries, affiliate companies, parent companies and representatives from any and all claims, demands, damages, debts, liabilities, obligations, causes of action, suits, legal fees, legal costs, actions, agreements, compensation, counterclaims, controversies, covenants, cross-claims, disputes, encumbrances, liabilities, liens, losses, statutory

*Settlement Agreement and Mutual Release*      LD Products, Inc.

rights, common law rights, equitable rights, rights, setoffs, sums of money and undertakings of every kind and nature whatsoever, known and unknown, anticipated or unanticipated, arising out of or in any way related to the Action (hereinafter "the Released Matters").

### 3.    Mutual Waiver of Civil Code Section 1542

(a)    It is the intention of the Parties that this Agreement shall be effective as a full and final accord and satisfaction, and as a bar to all actions, causes of action, obligations, costs, expenses, attorney's fees, damages, losses, claims, liabilities and demands of whatever nature, character or kind, known or unknown, suspected or unsuspected, that the Parties may have against the other Parties as to the Released Matters.

(b)    The Parties have been fully informed about, and understand the provisions of, California Civil Code Section 1542, which states that:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

(c)    The Parties hereby acknowledge that they understand, and/or have been advised by counsel concerning, the provisions of Section 1542 and its implications for this Agreement. The Parties expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of Section 1542.  With full knowledge and understanding of the provisions of Section 1542, and notwithstanding the provisions of that statute, the Parties, and each of them, hereby knowingly and unconditionally release all known and unknown claims against the other Parties as to the Released Matters.

(d)    The Parties further acknowledge, understand and agree that there is a risk and possibility that they may incur or suffer some further loss, damage, or injury that are in some way arising from, caused by, or attributable to the Released Matters but that are unknown at the time this Agreement is executed.  This Agreement shall remain in effect notwithstanding the discovery or existence of any such additional or different claims, facts or damages that are in some way arising from, caused by, or attributable to the Released Matters.

### 4.    Costs, Expenses, and Attorney's Fees

The Parties shall bear their own costs, expenses, and attorney's fees incurred in connection with the Action.

### 5.    Express Retention of Jurisdiction to Enforce Settlement Agreement

The Parties stipulate and expressly agree that the United States District Court, Central District of California, which presently has jurisdiction over the Action, may retain jurisdiction over this matter for purposes of enforcing this Agreement and for the entry of judgment. The Parties stipulate and agree that this Agreement is admissible and subject to disclosure for the purpose of establishing in court that an agreement has been reached by the parties for purpose of enforcing

*Settlement Agreement and Mutual Release*          LD Products, Inc.

and interpreting that agreement. The prevailing party in any proceeding to enforce this settlement agreement shall be entitled to recover reasonable attorneys' fees and costs.

### 6.     Full and Final Agreement.

This settlement agreement is intended to be fully and finally binding on the Parties and enforceable and is effective upon execution. This settlement agreement reflects the final agreement between the Parties to this dispute. This document contains the entire understanding and agreement between the Parties concerning the resolution of the disputes between them and at issue in this matter. This agreement has been executed without reliance on any promise, representation or warranty not contained herein.

## C.     OTHER TERMS

### 1.     No Assignment

The Parties, and each of them, warrant and represent that they, and each of them, have made no assignment, voluntary or involuntary, of all or any part of the claims released herein to any other persons or entities.  Further, this Agreement cannot be assigned by Defendant without the express written consent of an officer or director of Chartwell.

### 2.     Warranty of Authority

The Parties, and each of them, warrant that they have full authority to act on behalf of, and to bind to the terms of this Agreement, any and all of their directors, officers, shareholders, agents, employees, partners, affiliates, joint-venturers, attorneys, predecessors or successors in interests, assigns, heirs, and anyone acting or purporting to act on their behalf or to their benefit.  Any individual signing on behalf of an entity represents and warrants that they have the authority to sign on behalf of that entity.

### 3.     No Admission of Liability

Nothing contained herein shall be construed as an admission by any of the Parties of any liability or responsibility or wrongdoing of any kind or nature whatsoever.

### 4.     Construction

The Parties and their counsel have negotiated, reviewed and revised this Agreement, and the normal rule of construction providing that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation or construction of this Agreement.

### 5.     No Waiver

No breach of any provisions hereof can be waived unless done so expressly and in writing. Express waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision hereof.

*Settlement Agreement and Mutual Release*        LD Products, Inc.

### 6.    Entire Agreement: Integration

All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning or pertaining to the subject matter hereof are contained in this Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any of the Parties hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible or alleged agreements, representations, covenants or warranties concerning the subject matter of this Agreement are merged herein. This is an integrated agreement.

### 7.    No Unstated Inducements or Other Agreement

Each party to this Agreements warrants and represents to every other party to this Agreement that, except as expressly stated in this Agreement, no inducement, promise, consideration, representation, or agreement, whether written or oral, and whether expressed, implied, or apparent, which is not expressly set forth in this Agreement, has been made to induce or persuade that party to enter into this Agreement.

### 8.    Advice of Counsel

The Parties represent and declare that in executing this Agreement they each relied solely upon their own judgment, belief and knowledge, and on the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights, duties and claims.  No Party has been influenced to any extent in executing this Agreement by any representations or statements not expressly contained or referred to in this Agreement.  The Parties acknowledge that they are not relying upon any representation, past, present, or future, of any other Party or its attorneys in entering into this Agreement. Further, the Parties expressly acknowledge and agree that the terms of this Agreement are binding on them and warrant that they have read the Agreement prior to signing it.

### 9.    Inurement

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors, executors, administrators, assignees and Affiliates.

### 10.    Amendment or Modification

This Agreement can be amended or modified only by a writing executed by the Parties.

### 11.    Attorney's Fees and Costs in Enforcing This Agreement

In the event of any action brought by any of the Parties to enforce any provision of this Agreement, including but not limited to seeking monetary damages or equitable relief, the prevailing Party or Parties shall be entitled to recover his/her/its/their reasonable attorney's fees and costs from the non-prevailing Party or Parties.  Any action to enforce this Agreement shall be

*Settlement Agreement and Mutual Release*      LD Products, Inc.

Page 6 of 6

commenced in any state or federal court within the State of California properly having jurisdiction over the matter.  The parties stipulate and consent to the jurisdiction of the foregoing courts.

12.    **Execution of Documents**

Each party agrees to execute and deliver such other document(s) and instrument(s) and to take such further actions as may be reasonably necessary to fully carry out the intent and purposes of this Agreement.

13.    **Counterparts**

This Agreement may be executed in counterparts. This Agreement shall be deemed complete and fully executed upon the signing of the counterparts by each the Parties hereto. A signature transmitted by facsimile or a PDF signature transmitted by email will have the same force and effect as an original signature.  All separate signature pages shall become part of this integrated Agreement.

The undersigned acknowledge that they have read the Agreement and understand its contents.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the dates below:

Dated: September 7, 2023

CHARTWELL STAFFING SERVICES INC.
By: Alexander L. Conti
Authorized Agent

Dated: SEPTEMBER   07, 2023

LD PRODUCTS, INC.
By: Aaron Leon

Its: Chief Executive Officer

*Settlement Agreement and Mutual Release*        LD Products, Inc.